## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) | IN ADMIRALTY |
| OF KEVIN MESSINA, AS OWNER OF ) | CIVIL ACTION |
| THE WAVE RUNNER SUNSET RUNNER, ) | NO. 07-1336 |
| FOR EXONERATION FROM AND ) | |
| LIMITATION OF LIABILITY ) | JUDGE AMON |
| ) | MAGISTRATE JUDGE POHORELSKY |
| ) | |
| ) | |

### ORDER: (i) APPROVING PLAINTIFF'S AD INTERIM STIPULATION FOR VALUE, (ii) THAT VALUE AMOUNT BE DEPOSITED WITH THE COURT, (iii) DIRECTING ISSUANCE OF NOTICE AND (iv) ENJOINING PROSECUTION OF CLAIMS

An Amended Complaint (the "Complaint") having been filed herein on the 6th day of April 2007, by Kevin Messina, as owner of the wave runner SUNSET RUNNER ("SUNSET RUNNER"), praying for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501, et seq. (2006) (formerly 46 U.S.C. §§ 181, et seq.), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, for any loss, damage., claims, injury or destruction caused by or resulting from the collision between John White and a rubber raft towed by SUNSET RUNNER in the Gulf of Mexico in Sarasota County, Florida on February 20, 2004, as more fully described in the Complaint filed in the above-numbered and captioned action, and the plaintiff having filed a Stipulation for Costs and an Ad Interim Stipulation for Value of the SUNSET RUNNER as required by law and the rules of this Court;

NOW, THEREFORE, on motion of plaintiff through his undersigned counsel, it is hereby ordered:

1.      That the Ad Interim Stipulation for Value of Plaintiff's Interest in the SUNSET RUNNER and the rubber tube in the amount of $6,286.61, executed on the 28th day of

March, 2007, by plaintiff Kevin Messina, filed herein, is hereby accepted and approved as to form and quantum;

2.     That plaintiff shall deposit $6,286.61 with the Clerk of this Court by check payable to the United States District Court for the Eastern District of New York within 10 days of the date of this Order;

3.     That any claimant who may properly become a party hereto may contest the amount or value of plaintiff's interest in the SUNSET RUNNER as fixed in the Affidavit filed in the above-numbered and captioned action and may move the Court for an appraisal of said interest and may apply to have the amount of security increased or diminished, as the case may be, on determination of the Court of the amount of the value of said interest;

4.     That a Notice shall be issued out of and under the seal of this Court to all persons asserting claims against Kevin Messina with respect to which the plaintiff seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court, in writing, and to serve on the aforementioned attorney for plaintiff a copy thereof on or before 5:00 p.m. on the 15th day of May, 2007, or be defaulted, and if any claimant desires to contest the right to exoneration from or the right to limitation of liability, said claimant shall file and serve on the attorney for plaintiff an Answer to the Complaint on or before the said date, unless his claim has included an Answer to the Complaint, so designated, or other-rise be defaulted;

5.     That the aforesaid Notice shall be published in the town required by Supplemental Rule F of the Federal Rules of Civil Procedure, once per week for four (4) successive weeks prior to the date fixed for the filing of claims, in The Brooklyn Paper and Canarsie Courier, and copies of the Notice shall also be mailed in accordance with the provisions of Supplemental Rule F;

2

6.  That the commencement and/or further prosecution of any action or proceeding against the plaintiff, his sureties, underwriters or insurers, or any of his property with respect to any claim for which the plaintiff seeks exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, injury or destruction resulting from the events described in the Complaint, be and the same is hereby stayed, enjoined and restrained, and all prior orders, rulings or decrees issued in conjunction with any heretofore filed suits or claims are hereby stayed, enjoined and restrained until the hearing or determination of this proceeding; and

7.  That plaintiff may make service of this Order as a restraining order through the U.S. Post Office by mailing a conformed copy hereof to the person or persons to be restrained or to their respective attorneys, or alternatively, by telefax transmittal, or by hand-delivery.

New York, New York this 6th day of April, 2007.



CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE